704 So.2d 188 (1997)
WFTV, INC., d/b/a Palm Beach Newspapers, Inc., Scripps Howard Broadcasting Company (WPTV Channel 5), and The Associated Press, Petitioners,
v.
STATE of Florida and James Clyde Baber III, Respondents.
No. 97-3537.
District Court of Appeal of Florida, Fourth District.
December 24, 1997.
Rehearing Denied February 6, 1998.
*189 L. Martin Reeder, Jr., Edward M. Mullins, and Barbara Bolton Litten of Steel Hector & Davis, L.L.P., West Palm Beach, for petitioners.
Robert A. Butterworth, Attorney General, Tallahassee, and Denise S. Calegan, Assistant Attorney General, West Palm Beach, for Respondent-State of Florida.
GROSS, Judge.
This is a petition to review an order entered by the trial court prohibiting video and still camera operators from photographing prospective or seated jurors in the courtroom during a criminal trial.
In the underlying criminal trial, the defendant[1] was charged with DUI manslaughter. On the day the trial was scheduled to begin, after sending the bailiff for the jury venire, the trial judge sua sponte instructed the cameramen as follows:
Let me address the members of the media, specifically the cameramen: You will not take pictures of the jury. You are welcome to stay in the courtroom as long as you maintain decorum, but you will not take pictures of the faces of the jury at any time during the trial. If I see that happening, or the bailiff, the camera will be removed from the courtroom. Okay.
Prior to the oral order, there had been no motion to restrict coverage of the trial, no prior notice to any news media organization, *190 and no hearing at which the media could be heard in opposition to the restrictive order. The trial judge made no factual findings in support of the order.
This court has jurisdiction. Florida Rule of Judicial Administration 2.170(i) provides that review of "an order excluding the electronic media from access to any proceeding [or] excluding coverage of a particular participant" shall be pursuant to Florida Rule of Appellate Procedure 9.100(d). Rule 9.100(d)(1) permits review of an oral order "excluding the press ... from access to any proceeding [or] any part of a proceeding...." Even though the trial has concluded, we address the issue raised because it is capable of repetition by evading review. See Times Publishing Co. v. State, 632 So.2d 1072,1073 (Fla. 4th DCA 1994).
Electronic media and still photography coverage of a trial court proceeding is controlled by Florida Rule of Judicial Administration 2.170. Subsection (a) of the rule provides:
Subject at all times to the authority of the presiding judge to: (i) control the conduct of proceedings before the court; (ii) ensure decorum and prevent distractions; and (iii) ensure the fair administration of justice in the pending cause, electronic media and still photography coverage of public judicial proceedings in the appellate and trial courts of this state shall be allowed in accordance with the following standards of conduct and technology promulgated by the Supreme Court of Florida.
In exercising the discretion accorded under the rule,
[t]he presiding judge may exclude electronic media coverage of a particular participant only upon a finding that such coverage will have a substantial effect upon the particular individual which would be qualitatively different from the effect on members of the public in general and such effect will be qualitatively different from coverage by other types of media.
See In re Post-Newsweek Stations of Florida, Inc., 370 So.2d 764, 779 (Fla.1979).
A precondition to an order excluding or limiting media coverage of a trial is a noticed evidentiary hearing at which media representatives have a fair opportunity to be heard. See State v. Green, 395 So.2d 532, 538 (Fla.1981); State v. Palm Beach Newspapers, Inc., 395 So.2d 544, 548 (Fla.1981).
The trial court's sua sponte order in this case was error, since the court neither held the properly noticed evidentiary hearing required under Green and Palm Beach Newspapers nor made the findings mandated by Post-Newsweek.
As to both this court's jurisdiction and the merits, the state argues that jurors are not "participants" in a trial within the meaning of either Rule 2.170(i) or the standard enunciated in Post-Newsweek (the "trial judge may exclude electronic media coverage of a particular participant ..."). The state's position is that the jurors, like referees in a sporting event, do not participate in the proceeding they are observing.
We reject this argument because in the case shaping the parameters of electronic and still photography coverage of court proceedings, the supreme court treated jurors as a category of "participant" in the process. In Post-Newsweek, the court observed, under the subtitle "Privacy rights of participants," that opponents of coverage contended that it was an invasion of privacy "to compel a witness or juror" to appear in a judicial proceeding and then "expose him against his will to the notoriety or publicity attendant to his image appearing in a newspaper, magazine, or television broadcast." 370 So.2d at 779. The court rejected this argument, commenting that a trial is, subject to limited exceptions, "a public event which by its very nature denies certain aspects of privacy." Id. Similarly, the court considered and rejected the argument of electronic media opponents that
jurors will either be distracted from concentrating on the evidence and the issues to be decided by them or, because of their identification with the proceedings, they will fear for their personal safety, be subjected to influence by members of the public, or attempt to conform their verdict to community opinion.
*191 Id. at 775. Along with witnesses, attorneys and court personnel, jurors were one of the classifications of trial participants surveyed to assist the court in rendering the Post-Newsweek decision. Id. at 767-769. Jurors' responses to the survey formed part of the data that the supreme court considered in fashioning the camera access rule.
Nothing in Rule 2.170, Post-Newsweek, or any other supreme court opinion suggests that jurors or prospective jurors are to be treated differently from other types of trial participants such as attorneys, witnesses, or court personnel for the purposes of publishing or broadcasting their photographic images. A trial court may not restrict the coverage of jurors without complying with the procedures articulated in Green and Palm Beach Newspapers.
We grant the petition for review and quash the trial court's oral order quoted above.
KLEIN, J., concurs.
FARMER, J., dissents with opinion.
FARMER, Judge, dissenting.
I dissent because I do not understand the trial judge's order directing the television coverage not to show the jurors to be an exclusion of the media from the proceeding. To my mind it is merely a matter of the trial judge exercising ordinary "control [of] the conduct of proceedings before the court." See Fla.R.Jud.Admin. 2.170(a).
Moreover, while I agree that a hearing would ordinarily be required to exclude television coverage entirely, I do not understand what a hearing in this case would involve. The television medium was present when the judge directed the cameras away from the jurors. The TV people did not suggest that they wanted to offer evidence at such a hearing to test the veracity of any non-testimonial data relied on by the judge in directing the cameras away from jurors, or to show what less restrictive measures might be available. See State v. Palm Beach Newspapers, Inc., 395 So.2d 544, 548 (Fla.1981) (evidentiary hearing should be allowed in all cases to elicit relevant facts to test the veracity of non-testimonial data, or to determine what less restrictive measures are available, when these matters are made an issue). There is nothing in this record showing that the TV representatives sought to make these matters an issue as to the direction of cameras away from jurors.
Finally, I cannot avoid observing that in recent highly publicized trials in California and Massachusetts, there were no television pictures of the jurors themselves. I simply cannot imagine any basis for challenging a trial judge's direction in a criminal case not to show the jurors on television. It seems to me one thing to exclude television coverage entirely; it seems quite another to preclude the media from showing the jurors during court proceedings. I side with the trial judge on this one.
NOTES
[1] By written response, the criminal defendant has taken no position in this litigation.