PER CURIAM.
The Florida Times-Union seeks review of an order of the Circuit Court for Nassau County which prohibited the presence of still and video cameras from a hearing in a criminal proceeding. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.100(d).
A hearing was scheduled for the morning of August 24, 1999, on a motion for new trial in the case of John Raymond Stanley, Jr. Stanley had been convicted of sexual assault and afterwards had retained new counsel to assist him with the motion for new trial. One of the issues at the hearing was the effectiveness of defense counsel, who elected to not present a defense for Stanley. The media’s interest in the proceeding was heightened by the fact that the same trial attorney had utilized a similar strategy in a well-publicized murder case in Duval County. Shortly before the hearing on Stanley’s motion was to commence, the trial judge announced that he would not permit still or video cameras in the courtroom during the hearing, although reporters were allowed to attend. An attorney representing the Florida Times-Union traveled to the Nassau County Courthouse and, during a break in the hearing, presented argument to the judge in an unsuccessful attempt to persuade him to reconsider his ruling on the issue.
As an initial matter, we elect to address the merits of the petition in spite of the apparent mootness of the dispute. The issue is capable of repetition, yet evading review. WFTV, Inc. v. State, 704 So.2d 188 (Fla. 4th DCA 1997).
Video and still cameras are expressly authorized for use in the courtrooms of this state by Florida Rule of Judicial Administration 2.170. The courts have recognized that cameras may be excluded from certain proceedings but procedural safeguards, including notice and opportunity for the media to be heard prior to entry of an order, must be observed. WFTV, Inc., 704 So.2d at 190. Here, no party or witness objected to the cameras and no motion for them exclusion was made. A hearing should have been conducted to determine whether there was an evidentiary basis to conclude that the effect of cameras at the proceeding would have been qualitatively different on the participants from the effect persons ordinarily experience in the presence of cameras and/or whether that effect would have been qualitatively different from the result of coverage by other types of media. State v. Palm Beach Newspapers, 395 So.2d 544 (Fla.1981); State v. Green, 395 So.2d 532 (Fla.1981); In re Petition of Post-Newsweek Stations, Florida, Inc., 370 So.2d 764 (Fla.1979); WFTV, Inc. We agree with the petitioner that the trial court’s order cannot be sustained in that *1032 no notice or hearing was provided by the court and the requisite factual findings were not made.
Upon consideration of the above, we grant the petition for review and quash the trial court’s order which prohibited the use of cameras in the courtroom.
PETITION GRANTED.
BOOTH, MINER and KAHN, JJ., concur.